**FILED**

July 19, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  JU

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TIMOTHY MICHAEL TREVINO,** | § | |
| **TDCJ No. 02138943,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-20-CA-0997-OLG** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Timothy Michael Trevino's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply (ECF No. 20) thereto. Petitioner challenges the constitutionality of his 2017 state court conviction for indecency with a child, arguing: (1) he received ineffective assistance at his probation revocation hearing, (2) he received ineffective assistance from his appellate counsel, and (3) the trial court abused its discretion by refusing to impose the agreed upon sentence or allow him to withdraw his plea. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. **Background**

In February 2014, Petitioner pled no contest in Bexar County, Texas, to one count of indecency with a child by contact.  Pursuant to the plea bargain agreement, the State waived two other counts alleged in the indictment in exchange for Petitioner's plea of no contest on the third count.  (ECF No. 11-2 at 38-46).  The trial court accepted the terms of plea bargain agreement, deferred an adjudication of guilt and placed Petitioner on community supervision for a period of eight years.  *State v. Trevino*, No. 2012CR4346 (399th Dist. Ct., Bexar Cnty., Tex. Feb. 3, 2014); (ECF No. 11-3 at 27-30).  Because he violated the terms of his probation, however, the trial court later revoked Petitioner's community supervision, adjudicated Petitioner guilty, and sentenced him to twenty years of imprisonment.  *State v. Trevino*, No. 2012CR4346 (399th Dist. Ct., Bexar Cnty., Tex. June 9, 2017); (ECF No. 11-3 at 34-35).

While Petitioner filed a motion for new trial on June 27, 2017, he did not directly appeal his conviction and sentence.  Instead, Petitioner waited until August 9, 2018, to file a state habeas corpus application challenging the constitutionality of his revocation proceeding and subsequent sentence.  *Ex parte Trevino*, No. 89,157-01 (Tex. Crim. App.); (ECF No. 11-2 at 5-30).  The Texas Court of Criminal Appeals denied this application without written order on November 14, 2018.  (ECF No. 11-1).  Petitioner later filed a second state habeas corpus application challenging his conviction and sentence on February 6, 2020, which the Texas Court of Criminal Appeals again denied without written order on July 1, 2020.  *Ex parte Trevino*, No. 89,157-02 (Tex. Crim. App.); (ECF Nos. 11-4 at 4-28; 11-6).  Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on July 28, 2020.  (ECF No. 1 at 10).

## II.  Timeliness Analysis

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final September 7, 2017, when the time for appealing the judgment and sentence expired.  *See* Tex. R. App. P. 26.2(a)(2) (providing a notice of appeal must be filed within ninety days following the imposition of a sentence if the defendant timely files a motion for new trial).  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on September 7, 2018.  Petitioner did not file his § 2254 petition until July 28, 2020—almost two years after the limitations period expired—thus, his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.  Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed previously, Petitioner first challenged the instant conviction by filing a state habeas application on August 9, 2018, which was eventually denied by the Texas Court of Criminal Appeals on November 14, 2018.  Accordingly, Petitioner's first state habeas application tolled the limitations period for a total of 98 days, making his federal petition due December 14, 2018.

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for the first state habeas application he filed, the second application does not afford him the same courtesy.  Petitioner did not execute his second state habeas application until February 6, 2020, well after the time for filing a federal petition under § 2244(d)(1) had lapsed.  As a result, the second application does not toll the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Consequently, Petitioner's limitations period for filing a federal petition still expired December 14, 2018.  Again, he did not file the instant § 2254 petition until July 2020—over a year and a half late.

**B.**   **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States*

*v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in Petitioner's federal petition concern the constitutionality of his June 2017 probation revocation and subsequent twenty-year sentence, yet Petitioner did not submit his first state habeas corpus application challenging this adjudication until August 2018, over eleven months after his conviction had already become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Further, Petitioner fails to provide any legitimate reason why he waited another fourteen months after the denial of his first state habeas application in November 2018 before filing his second application in February 2020.

Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

 A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set

forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED**, and Petitioner Timothy Michael Trevino's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3.      No Certificate of Appealability shall issue in this case; and

4.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED** this the   19th   day of July, 2021.

_____
     **ORLANDO L. GARCIA**
**Chief United States District Judge**